UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IN RE TREMONT SECURITIES LAW, STATE
LAW, AND INSURANCE LITIGATION

Master File No.:
08 Civ. 11117 (TPG)

------------------------------------------------------------x

**ORAL ARGUMENT REQUESTED**

This Document Relates to:  Securities Actions 08 Civ. 11212 (TPG)

Electronically Filed

------------------------------------------------------------x

# MEMORANDUM OF LAW OF DEFENDANTS ERNST & YOUNG LLP AND KPMG LLP IN SUPPORT OF THEIR MOTION FOR AN ORDER DIRECTING THE ENTRY OF A FINAL JUDGMENT DISMISSING THE SECURITIES ACTIONS AS TO THEM

GIBSON, DUNN & CRUTCHER LLP
Lawrence J. Zweifach (LZ 8641)
(lzweifach@gibsondunn.com)
Richard Cashman (RC 4769)
(rcashman@gibsondunn.com)
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212)351-4000
Facsimile: (212) 351-4035

Attorneys for Defendant Ernst & Young LLP

HOWREY LLP
Gary F. Bendinger (GB 6728)
(bendingerG@howrey.com)
Gregory G. Ballard (GB 6073)
(ballardG@howrey.com)
R. Corey Worcester  (RW 6314)
(worcesterc@howrey.com)
601 Lexington Avenue
New York, NY  10022
Telephone: (212) 896-6500
Facsimile: (212) 896-6501

WILLIAMS & CONNOLLY LLP
John K. Villa (pro hac vice)
(jvilla@wc.com)
David A. Forkner (pro hac vice)
(dforkner@wc.com)
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendant KPMG LLP

## INTRODUCTION

Defendants Ernst & Young LLP ("EY") and KPMG LLP ("KPMG") respectfully submit this memorandum of law in support of their motion, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, for an Order directing the entry of a final judgment dismissing the Securities Actions as to them.

In May 2009, EY and KPMG each filed motions to dismiss with prejudice all claims that were asserted against them in the Consolidated and Amended Class Action Complaint that was filed in the above-referenced Securities Actions. In their opposition papers, plaintiffs requested that the Court grant them leave to amend in the event it dismissed any of their claims. In its March 30, 2010 Opinion, the Court granted the motions of EY and KPMG and dismissed all claims against them.[1] The Court did not grant plaintiffs' request for leave to amend.

As we discuss below, the entry of a final judgment dismissing the Securities Actions as to EY and KPMG would be appropriate under Rule 54(b). It is indisputable that the Court has finally determined all claims against EY and KPMG. Moreover, the claims that had been asserted against EY and KPMG were independent of the claims that had been brought against the co-defendants. Accordingly, there is no just reason for delaying the entry of a final judgment, and the motion of EY and KPMG should be granted.

---

[1] A copy of the Opinion is annexed as Exhibit A to the Declaration of Richard Cashman, dated April 29, 2010, submitted in support of this motion.

ARGUMENT

THE COURT SHOULD ISSUE AN ORDER DIRECTING THE ENTRY OF A
FINAL JUDGMENT UNDER RULE 54(b) DISMISSING THE SECURITIES ACTIONS
AS TO EY AND KPMG

Rule 54(b) of the Federal Rules of Civil Procedure[2] imposes three requirements for the entry of a final judgment disposing of fewer than all of the claims or parties involved in a case:

> (1) [M]ultiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. §1291, and (3) the district court must make "an express determination that there is no just reason for delay" and expressly direct the clerk to enter judgment.

*Information Resources, Inc. v. The Dun and Bradstreet Corp.*, 294 F.3d 447, 451 (2d Cir.2002) (quoting *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992). The motion by EY and KPMG meets all of these requirements.

First, the Securities Actions involve multiple parties. In addition to EY and KPMG, plaintiffs named 15 other parties as co-defendants. Complt. ¶¶12-40.

Second, it is indisputable that the Court's Opinion granting the motions to dismiss by EY and KPMG represents a final decision as to the claims against them. A decision is final if it ends the litigation as to the claim or party at issue "and leaves nothing for the court to do but execute on the judgment" to be entered in favor of that party. *Information Resources, supra*, 294 F.3d at 451 (quoting *Ginett, supra*, 962 F.2d at 1092). Moreover, the Supreme Court has held that a dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure

---

[2] The rule, in relevant part, provides as follows:

> When an action presents more than one claim for relief…or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

is a "judgment on the merits" and thus is a final order. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981).

The Court determined that plaintiffs had been unable to state any actionable claim for relief against either EY or KPMG. Plaintiffs had included a boilerplate request for leave to amend their complaint in the concluding footnote of their memorandum opposing the motions to dismiss (Plaintiffs' Memorandum In Opposition at page 123, footnote 111). The Court, however, did not grant plaintiffs' request for leave to further amend the Consolidated Amended Complaint when it granted EY's and KPMG's motions to dismiss. The Court's decision thus ended the case with respect to EY and KPMG and was final as to them. The Second Circuit has specifically held that an order dismissing a complaint without leave to amend is a final decision within the meaning of 28 U.S.C. §1291 and is ripe for appeal. *Weisman v. LeLandis*, 532 F.2d 308, 309 (2d Cir. 1976); *accord Elfenbein v. Gulf & Western Industries Inc.*, 590 F.2d 445, 448 (2d Cir. 1978) ("If the district court merely dismisses the complaint, without further comment, then the view, at least in this circuit, is that the district court intended to terminate the action and that the dismissal order is final.").

The Second Circuit also has held that a district court need not provide an explanation for its refusal to grant leave to replead as a predicate to an appeal when the request for that leave, as is the case here, is merely contained in a boilerplate statement included in the brief opposing the motion to dismiss. *Malin v. XL Capital, Ltd.*, 312 Fed. Appx. 400, 2009 WL 481897, at *2 (2d Cir. Feb. 26, 2009) (quoting *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006)—"It is within the [district] court's discretion to deny leave to amend implicitly by not addressing the request [for leave to amend] when leave is requested informally in a brief filed in opposition to a motion to dismiss.").

4

The entry of the Opinion dismissing the complaint as against EY and KPMG therefore concluded the proceedings as to those defendants and left nothing to be resolved as to them except for the entry of a final judgment of dismissal.

Third, there is no just reason for delaying the entry of a judgment dismissing this case as against EY and KPMG. In considering a Rule 54(b) certification, "The proper guiding star, as the Supreme Court has emphasized, is the 'interest of sound judicial administration.'" *Ginett, supra*, 962 F.2d at 1095, quoting *Curtiss-Wright, Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980). The entry of a judgment of dismissal in favor of EY and KPMG would be entirely consistent with sound judicial administration because the claims against them are separate, and had to be assessed independently of the claims asserted against the other defendants.

EY and KPMG were accused of violating Section 10b of the Securities Exchange Act of 1934 based solely on the audit opinions they rendered. That claim was dismissed because plaintiffs were unable to plead scienter adequately against EY and KPMG. Scienter is an issue that must be weighed on a defendant-by-defendant basis. Even if the plaintiffs had sufficiently pleaded scienter with respect to one or more of the co-defendants, that would not have mattered because the issue still had to be considered separately as against EY and KPMG individually. Scienter refers to an individual defendant's state of mind. The courts therefore uniformly hold that the issue must be explored separately and measured by the allegations against each defendant independently of the allegations leveled at others. *See e.g., In re Yukos Oil Company Sec. Litig.*, No. 04 Civ. 5243 (WHP), 2006 WL 3026024, at *20 (S.D.N.Y. Oct. 25, 2006) (requiring an independent assessment of the scienter claim against each defendant); *In re BISYS Sec. Litig.*, 397 F. Supp.2d 430, 444 (S.D.N.Y. 2005) ("[T]he group pleading doctrine has no effect on the PSLRA's scienter requirement."); *Castillo v. Dean Witter Discover & Co.*, No. 97 Civ. 1272 (RPP), 1998 WL 342050, at * 12 (S.D.N.Y. June 25, 1998) ("Where there are multiple

defendants, the complaint must distinguish among them and specify their respective roles in the alleged fraud.").[3]

The nonfraud common law claims asserted against EY and KPMG also required separate assessment. Each of those was set forth in separate counts of the complaint. While the Martin Act preemption issue on which the Court ruled was raised by the other defendants as well as by EY and KPMG, that presented solely an issue of law and did not require an assessment of overlapping factual issues of the kind that might have rendered the claims against EY and KPMG inextricably intertwined with the claims asserted against the other defendants. Moreover, if a judgment were entered and if the plaintiffs were to appeal, an appellate decision as to Martin Act preemption would serve only to illuminate any further proceedings against the other defendants and might even facilitate any settlement discussions in which they are engaged. That, too, is a reason to enter a judgment now. As the Supreme Court has observed, "… if the district court concluded that there was a possibility that an appellate court would have to face the same issues on a subsequent appeal, this might perhaps be offset by a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims." *Curtiss-Wright, supra,* 446 U.S. at 8, n.2.

In sum, the issuance of an Order directing the entry of a final judgment dismissing the Securities Actions against EY and KPMG would comport with the goal of sound judicial administration underlying Rule 54(b).

---

[3] EY and KPMG also raised other issues in their motions to dismiss the securities claim, including, for example, whether plaintiffs had adequately pled actual reliance on EY's and KPMG's audit opinions, and whether plaintiffs' losses were proximately caused by those audit opinions. The Court did not have to reach those issues because of its scienter ruling, but those issues, too, required an assessment of the claims against EY and KPMG independent of the claims asserted against the other defendants.

## CONCLUSION

Accordingly, EY and KPMG respectfully request that the Court issue an Order directing entry of a final judgment dismissing the Securities Actions as to them.

Dated: New York, New York
      April 29, 2010

GIBSON, DUNN & CRUTCHER LLP

By:    /s/ Lawrence J. Zweifach
    Lawrence J. Zweifach (LZ 8641)
    (lzweifach@gibsondunn.com)
    Richard Cashman (RC 4769)
    (rcashman@gibsondunn.com)
    200 Park Avenue, 47th Floor
    New York, New York 10166-0193
    Telephone: (212)351-4000
    Facsimile: (212) 351-4035

Attorneys for Defendant Ernst & Young LLP

HOWREY LLP

By:    /s/ Gregory G. Ballard
    Gary F. Bendinger (GB 6728)
    (bendingerG@howrey.com)
    Gregory G. Ballard (GB 6073)
    BallardG@howrey.com
    R. Corey Worcester (RW 6314)
    (worcesterc@howrey.com)
    601 Lexington Avenue
    New York, NY 10022
    Telephone: (212) 896-6500
    Facsimile: (212) 896-6501

WILLIAMS & CONNOLLY LLP

    John K. Villa (pro hac vice)
    (jvilla@wc.com)
    David A. Forkner (pro hac vice)
    (dforkner@wc.com)
    725 Twelfth Street, N.W.
    Washington, DC 20005
    Telephone: (202) 434-5000
    Facsimile: (202) 434-5029

Attorneys for Defendant KPMG LLP

100852308_3.DOC