IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | MASTER FILE NO.:<br>08 CIV. 11117 (TPG) |

**ORDER DIRECTING NOTICE AND SETTING FINAL FAIRNESS HEARING IN CONNECTION WITH MOTION FOR APPROVAL OF PROPOSED SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/5/11
```

EC.44593.1

WHEREAS, on February 25, 2011, the Settling Class Plaintiffs, acting on behalf of themselves, the Settling Funds, the applicable subclasses and the present limited partners and/or shareholders of the Settling Funds, as the case may be, entered into a Stipulation of Partial Settlement (the "Stipulation") with the Settling Defendants setting forth the terms and conditions of the proposed settlement (the "Settlement") of the claims that were or could have been alleged in the consolidated and amended class action and derivative complaints filed in the Actions (collectively, the "Complaints"), and the complaint filed by the Individual Settling Insurance Plaintiffs; and the Court having read and considered the Stipulation and the accompanying exhibits and having held a hearing on March 28, 2011,

NOW, THEREFORE, IT IS HEREBY ORDERED, this 29th day of March, 2011 that:

1. Having considered the proposed Settlement set forth in the Stipulation in light of the requirements of Rules 23, 23(a), 23 (b)(3), and Rule 23.1, the Court makes all findings necessary, subject to further consideration at the Fairness Hearing to be held on June 1, 2011, to direct the Plaintiffs Settlement Class Counsel to cause the " Summary Notice of Pendency of Consolidated Actions, Motion for Final Approval of Settlement, Hearing on Proposed Settlement and Motion for Attorneys' Fees and Expenses", "Notice of Pendency of Consolidated Actions, Motion for Final Approval of Settlement, Hearing on Proposed Settlement and Motion for Attorneys' Fees and Expenses" and "Insurance Notice" ( each substantially in the form hereby approved by this Order and attached hereto as Exhibits A1, A2 and A3 respectively) to be disseminated to limited partners

and/or shareholders of the Settling Funds and members of the following subclasses certified subject to further consideration at the Fairness Hearing:

(a) for the consolidated *State Law Actions*, all Persons other than the Settling Defendants who were holders of limited partnership interests in or shares of the Rye Funds (other than Rye Select Broad Market Insurance Portfolio LDC, except with respect to INTAC Independent Technical Analysis Centre Ltd., LifeInvest Opportunity Fund, LDC, Scottish Annuity Company (Cayman) Limited, The Scottish Annuity and Life Insurance Company (Bermuda) Ltd. and The Scottish Annuity Life Insurance Co. (Cayman) Ltd.) or the Tremont Funds as of December 11, 2008, and who sustained net losses thereby (the "State Law Subclass");

(b) for the consolidated *Securities Actions*, all Persons other than the Settling Defendants who purchased limited partnership interests in or shares of the Rye Funds (other than Rye Select Broad Market Insurance Portfolio LDC, except with respect to INTAC Independent Technical Analysis Centre Ltd., LifeInvest Opportunity Fund, LDC, Scottish Annuity Company (Cayman) Limited, The Scottish Annuity and Life Insurance Company (Bermuda) Ltd. and The Scottish Annuity Life Insurance Co. (Cayman) Ltd.) or the Tremont Funds between December 11, 2003 through and including December 11, 2008 for claims arising under the Exchange Act, and between May 10, 1994 through and including December 11, 2008 for claims arising under common law and state law and who sustained net losses thereby (the "Securities Subclass");

(c) for the consolidated *Insurance Actions*, all Persons, other than Settling Defendants, who purchased or otherwise acquired VUL Policies or DVA Policies (collectively, the "Policies") issued by Argus International during the Insurance Period

EC.44593.1    3

(May 10, 1994 - December 11, 2008) to the extent those policies were invested in Rye Select Broad Market Insurance Portfolio LDC and Rye Select Broad Market XL Portfolio Limited, including any and all past, present, and future heirs, executors, administrators, successors and assigns, policy holders, policy owners, policy beneficiaries, parties responsible for payment of policy premiums, trusts, trustees, insured, and/or any other party with any direct or interest in the Policies during the Insurance Period and who sustained net losses thereby, but excluding the Individual Settling Insurance Plaintiffs (the "Insurance Subclass")

    (d) for the purposes of the Settlement only, Arthur E. Lange Revocable Trust, Arthur C. Lange, Neal J. Polan, HFM Charitable Remainder Trust, Eastham Capital Appreciation Fund LP, and NPV Positive Corp. are preliminarily certified as Class Representatives for the State Law Subclass, and the law firms of Entwistle & Cappucci LLP and Hagens Berman Sobol Shapiro LLP are appointed Class Counsel for the State Law Subclass; Arthur M. Brainson (on behalf of the Arthur M. Brainson IRA R/O), Yvette Finkelstein and Group Defined Pension Plan & Trust are preliminarily certified as Class Representatives for the Securities Subclass, and the law firm of Bernstein Liebhard LLP is appointed Class Counsel for the Securities Subclass; and Chateau Fiduciaire, S.A., as Trustee of the Map Trust, The Geoffrey Rabie Credit Shelter Trust, the Joanne Brenda Rabie Credit Shelter Trust, the Harriet Rutter Klein Revocable Trust, and the Matthew L. Klein Irrevocable Family Trust are preliminarily certified as Class Representatives for the Insurance Subclass, and the law firms of Wolf Haldenstein Adler Freeman & Herz LLP and Robbins Geller Rudman and Dowd LLP

(formerly, Coughlin Stoia Geller Rudman & Robbins LLP) are appointed Class Counsel for the Insurance Subclass;

(e) the Court also makes all findings required by Rule 23.1 of the Federal Rules of Civil Procedure in order to both direct Plaintiffs Settlement Class Counsel for the State Law Claims to send Notice of the Settlement of the properly maintained derivative claims in the form attached hereto as Exhibits A1 and A2 to the members of the Settlement subclasses described in Paragraph 1 above, and to certify, subject to further consideration at the Fairness Hearing, that Eastham Capital Appreciation Fund LP, NPV Positive Corp., John Dennis, Daniel Jackson, Laborers Local Pension Plan 17, Richard Peshkin, Arthur E. Lange Revocable Trust, Arthur C. Lange, Neal J. Polan, and HFM Charitable Remainder Trust are adequate derivative representatives of all limited partners and/or shareholders in the Settling Funds:

(f) Excluded from the Settlement Class and subclasses are the Settling Defendants, the current and former officers and directors of the Settling Defendants, and the Individual Settling Defendants' spouses and dependent children or their successors and legal representatives.[1] Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class, to the extent that they are able to do so under Rule 23 of the Federal Rules of Civil Procedure, pursuant to the mailed Notice and Summary Notice.

---

[1] Additionally, Argus International Life Bermuda Limited is excluded from the State Law and Securities Subclasses to the extent it was a purchaser of, and/or a shareholder or limited partner in, the Rye Funds or the Tremont Funds.

2. A Fairness Hearing pursuant to Rule 23(e) and Rule 23.1(c) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Honorable Thomas P. Griesa, United States District Judge, at the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312 on June 1, 2011, at 2:30 p.m. (the "Fairness Hearing"). The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter the Judgment approving the Settlement and dismissing the Complaints on the merits and with prejudice regardless of whether it has approved the Plans of Allocation or awarded attorneys' fees and expenses. The Court may also adjourn the Fairness Hearing or modify any of the dates herein without further notice to Members of the Settlement Class.

3. The Court approves the appointment of The Garden City Group, Inc. as the Notice and Claims Administrator to supervise and administer the notice procedure as well as the disbursement of the Net Settlement Fund and the Fund Distribution Account and as the Insurance Notice and Claims Administrator to supervise and administer the notice procedure as well as the distribution of the Net Insurance Settlement Fund. The Notice and Claims Administrator shall implement the notice program described below which the Court finds constitutes due and sufficient notice fully satisfying the requirements of Rule 23 and Rule 23.1 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, due process, and any other applicable law. The Notice and Claims Administrator shall:

- cause the Notice to be mailed, by first class mail, postage prepaid, not later than 14 days after entry of this Order by the Court (the "Notice Date") to all members of the State Law Subclass and Securities Subclass, and present limited partners and/or shareholders of the Settling Funds, who can be identified with reasonable effort, including by using the last known address of each such person as set forth in the records of Tremont Group Holdings, Inc., Tremont Partners, Inc., Tremont (Bermuda) Ltd., Tremont Capital Management Inc., and/or Rye Investment Management. The Tremont Defendants shall provide all reasonable and necessary cooperation to permit the dissemination of notice and to effectuate all other aspects of the Settlement and Stipulation;

- use reasonable efforts to give notice to nominee purchasers, such as brokerage firms, and other persons or entities identified by the Tremont Defendants who purchased or currently hold limited partnership interests and/or shares in the Settling Funds as record owners but not as beneficial owners by mailing the Notice to such nominee purchasers. Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either send copies of the Notice to their beneficial owners by first class mail, or to provide the Notice and Claims Administrator with lists of the names and addresses of the beneficial owners, and the Notice and Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners by first class mail. Nominee Purchasers who elect to send the Notice to their beneficial owners shall also send a statement to the Notice and Claims Administrator

confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders may be reimbursed by the Expense Fund, after receipt by the Notice and Claims Administrator of proper documentation, for their reasonable expenses incurred in sending the Notice to beneficial owners;

- post all motion papers in support of Final Approval of the Proposed Settlement, the Notice, the Summary Notice, and the Plan of Allocation and Fund Distribution Plan of Allocation applicable to the Settling Funds on the website of the Notice and Claims Administrator and Plaintiffs' Settlement Class Counsel shall make all such documents available for inspection by members of the Settlement Class during regular business hours at the offices of Settlement Class Counsel. Plaintiffs' Class Counsel shall, at or before the Fairness Hearing, file with the Court proof of mailing and posting of these documents; and

- cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published on one occasion in *Investor's Business Daily*. Plaintiffs' State and Securities Law Settlement Class Counsel shall, at or before the Fairness Hearing, file with the Court proof of publication of the Summary Notice.

4. Plaintiffs' Insurance Settlement Class Counsel shall, through personal notice, provide the Notice to all members of the Insurance Subclass not later than 14 days after entry of this Order by the Court. Upon entry of this Order and before the Notice

EC.44593.1                                  8

Date, the Tremont Defendants shall confirm the last known names, addresses, email addresses and telephone numbers of the members of the Insurance Subclass in the possession of Plaintiffs' Insurance Settlement Counsel.

5. Not later than ten (10) days after the Settlement is filed with the Court, the Settling Defendants shall provide notice of the proposed Settlement to appropriate Federal and State officials required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Not later than thirty-five (35) days before the Fairness Hearing, the Settling Defendants shall file with the Court an affidavit or declaration showing timely compliance with this CAFA Notice directive.

6. Any Settlement Class Member who wishes to participate in the distributions of the Net Settlement Fund and the Net Insurance Settlement Fund, which shall be disbursed pursuant to their respective Plans of Allocation, must sign and return a completed Proof of Claim form in accordance with the instructions contained therein and in the Notice and the Insurance Notice. All Proofs of Claim must be submitted by first-class mail, postmarked no later than August 31, 2011 (ninety (90) days after the Fairness Hearing) or such other date as may be set by the Court. If a Settlement Class Member chooses to return his, her, or its Proof of Claim in a manner other than by first-class mail (including electronic submission), then the Proof of Claim must be actually received by the Notice and Claims Administrator or the Insurance Notice and Claims Administrator, as the case may be, no later than August 31, 2011 (ninety (90) days after the Fairness Hearing), or such other date as may be set by the Court. Unless otherwise ordered by the Court, any Settlement Class Member who does not sign and return a valid Proof of Claim within the time prescribed shall forever be barred from sharing in the distribution of the

Net Settlement Fund and the Net Insurance Settlement Fund, but shall nonetheless be bound by the Judgment and releases therein.

7. Each limited partner and/or shareholder of the Settling Funds who wishes to participate in the disbursement of the Fund Distribution Account may, but is not required to, sign and return a completed Proof of Claim form in accordance with the instructions contained therein and in the Notice. Disbursement of the Fund Distribution Account shall be made pursuant to the Fund Distribution Plan of Allocation to limited partners and/or shareholders of the Settling Funds. Any Proofs of Claim must be submitted by first-class mail, postmarked no later than August 31, 2011 (ninety (90) days after the Fairness Hearing) or such other date as may be set by the Court. If a limited partner and/or shareholder of the Settling Funds chooses to return his, her, or its Proof of Claim in a manner other than by first-class mail (including electronic submission), then the Proof of Claim must be actually received by the Notice and Claims Administrator no later than August 31, 2011 (ninety (90) days after the Fairness Hearing), or such other date as may be set by the Court. If any limited partner and/or shareholder does not submit a valid Proof of Claim, then his/her/its distribution, if any, from the Fund Distribution Account will be based solely on the records maintained by the Settling Defendants. In any event, all determinations regarding distributions from the Fund Distribution Account and the Net Settlement Fund will be made by the Claims Administrator, are final subject to the approval of this Court, and are without liability to Plaintiffs' Settlement Class Counsel or the Settling Defendants.

8 Each limited partner and/or shareholder of the Settling Funds shall be bound by all orders, determinations and judgments in the Actions, whether favorable or

unfavorable, pertaining to the Fund Distribution Account and all Released Claims that were, could have been, or could be asserted by or on behalf of the Settling Funds.

9.   Settlement Class Members shall be bound by all orders, determinations and judgments in the Actions, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class, in a timely and proper manner, as hereinafter provided. Any Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail, postmarked no later than May 11, 2011 (twenty-one (21) days before the Fairness Hearing), to the address designated in the Notice for such exclusions. The request for exclusion shall clearly indicate the name, address and telephone number of the Person seeking exclusion, that the sender requests to be excluded from the Settlement Class, and must be signed by the Person. Persons requesting exclusion are also directed to state: the full name of the Settling Fund(s) purchased; the number of shares or interests purchased and sold/redeemed, if applicable; the date(s) on which purchases and redemptions, if any, were made; and the number of shares or the dollar value of the interests held at November 30, 2008. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Any Settlement Class Member who is excluded from the Settlement Class shall not be entitled to participate in any distributions from the Net Settlement Fund and Net Insurance Settlement Fund, as described in the Stipulation and Notice and may not object to the Settlement. Any Member of the Settlement Class may submit a written revocation of a request for exclusion to the Notice and Claims Administrator and/or the Insurance Notice and Claims Administrator, as the case may be,

so that it is received no later than five (5) calendar days before the Fairness Hearing. Each Member of the Settlement Class requesting exclusion from the Settlement Class shall not be entitled to receive any portion of the Net Settlement Fund or the Net Insurance Settlement Fund, as described in the Stipulation and Notice.

10. Any Member of the Settlement Class who does not request exclusion and wishes to object to the fairness, reasonableness, or adequacy of the Settlement, the Plans of Allocation, the requests for awards of attorneys' fees or the requests for reimbursement of expenses may file a written objection no later than May 11, 2011 (twenty-one (21) days before the Fairness Hearing). An objector must file with the Court a written statement of his, her, or its objection(s), (i) clearly indicating the objector's name, mailing address, telephone number, and e-mail address, (ii) stating that the objector is objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plans of Allocation, the requests for awards of attorneys' fees or the requests for reimbursement of expenses, (iii) specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence (*see* below) the objector wishes to bring to the Court's attention or introduce in support of such objection, and (iv) identifying and supplying documentation showing the date(s), contribution(s), number of shares or interests purchased and sold/redeemed in the Settling Funds. The objector must mail the objection(s) and any supporting papers/documentation to:

> Clerk of the Court
> United States District Court
>   for the Southern District of New York
> 500 Pearl Street
> New York, New York  10007

and deliver or send by first class mail copies of all such papers to the following counsel for the Settling Parties:

| | |
|---|---|
| ENTWISTLE & CAPPUCCI LLP<br>Andrew J. Entwistle<br>Robert N. Cappucci<br>280 Park Avenue, 26th Floor West<br>New York, NY 10017<br>aentwistle@entwistle-law.com<br><br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>Reed R. Kathrein<br>Lee Gordon<br>715 Hearst Avenue<br>Suite 202<br>Berkeley, CA 94710<br>reed@hbsslaw.com<br><br>Co-Lead Counsel for the State Law Actions<br><br>BERNSTEIN LIEBHARD LLP<br>Jeffrey M. Haber<br>10 East 40th Street<br>22nd Floor<br>New York, NY 10016<br>haber@bernlieb.com<br><br>Lead Counsel for the Securities Actions<br><br>MORRISON & FOERSTER LLP<br>Jack C. Auspitz<br>Gary S. Lee<br>1290 Avenue of the Americas<br>New York, NY 10104-0050<br>(212) 468-8000<br>(212) 468-7900 (fax)<br>jauspitz@mofo.com<br><br>Counsel for the Joint Official Liquidators of Rye Select Broad Market Insurance Portfolio LDC, Rye Select Broad Market XL Portfolio Limited and Broad Market XL Holdings Limited | SKADDEN ARPS SLATE MEAGHER & FLOM LLP<br>Seth M. Schwartz<br>Four Times Square<br>New York, NY 10036<br>seth.schwartz@skadden.com<br><br>Counsel for Tremont Capital Management, Tremont Group Holdings, Inc., Tremont Partners, Inc., Rye Investment Management, Harry Hodges, James Mitchell, Lynn O. Keeshan, Patrick Kelly, Robert I. Schulman, Rupert A. Allan, Stephen Thomas Clayton, Stuart Pologe and Cynthia J. Nicoll<br><br>TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP<br>Jamie B. W. Stecher<br>900 Third Avenue<br>New York, NY 10022<br>stecher@thshlaw.com<br><br>BINGHAM MCCUTHEN LLP<br>Joseph L. Kociubes<br>One Federal Street<br>Boston, MA 02110<br>joe.kociubes@bingham.com<br><br>Counsel for Massachusetts Mutual Life Insurance Co., MassMutual Holding Trust I, MassMutual Holding Company, MassMutual Life Insurance Co.<br><br>DECHERT LLP<br>William K. Dodds<br>william.dodds@dechert.com<br>1095 Avenue of the Americas<br>New York, NY 10036-6797<br>william.dodds@dechert.com |

| | |
|---|---|
| | Counsel for Oppenheimer Acquisition Corporation and Oppenheimerfunds Inc. |
| ROBBINS GELLER RUDMAN & DOWD LLP<br>David A. Rosenfeld<br>Edward Y. Kroub<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>drosenfeld@rgrdlaw.com<br><br>WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP<br>Daniel W. Krasner<br>Demet Basar<br>270 Madison Avenue<br>New York, NY 10016<br>basar@whafh.com<br><br>Co-Lead Counsel for the Insurance Actions<br><br>BERGER & MONTAGUE, P.C.<br>Sherrie Raiken Savett<br>Glen L. Abramson<br>1622 Locust Street<br>Philadelphia, PA 19103<br>ssavett@bm.net<br><br>Counsel for the Individual Settling Insurance Plaintiffs | |

      11.    Any Person who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement, to the Plans of Allocation, and/or the requests for awards of attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

12. Any objector who files and serves a timely, written objection in accordance with the instructions above, may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear, setting forth, among other things, the name, mailing address, telephone number, and e-mail address of the objector (and, if applicable, the name, mailing address, telephone number, and e-mail address of the objector's attorney) on Plaintiffs' Settlement Class Counsel and Settling Defendants' counsel (at the addresses set out above). Moreover, objectors who intend to present evidence at the Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Fairness Hearing. Finally, the objector must serve counsel identified above and file the notice of intention to appear with the Court no later than May 11, 2011 (twenty-one (21) days before the Fairness Hearing). Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

13. Settlement Class Members and present limited partners and/or shareholders of the Settling Funds do not need to appear at the Fairness Hearing or take any other action to indicate their approval of the Settlement, the Plans of Allocation, or the request for attorney's fees and reimbursement of expenses.

14. All papers in support of the Settlement, the Plans of Allocation, Plaintiffs' Settlement Class Counsel's requests for awards of attorneys' fees and expenses shall be served and filed with the Court no later than May 4, 2011 (twenty-eight (28) days before

the Fairness Hearing). Reply papers in further support of the Settlement, the Plans of Allocation and Plaintiffs' Settlement Class Counsel's requests for awards of attorneys' fees and expenses and/or in response to objections shall be served and filed no later than May 25, 2011(seven (7) calendar days before the Fairness Hearing). Service of all papers shall be made by overnight mail, hand delivery, or email.

15. No Person who is not a Settlement Class Member, a limited partner and/or shareholder of the Settling Funds or Plaintiffs' Counsel shall have any right to any portion of, or to any distribution of, the recovery provided by the Settlement, unless otherwise ordered by the Court.

16. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

17. If any specified condition to the Settlement set forth in the Stipulation is not satisfied, Settling Plaintiffs or the Settling Defendants may elect to terminate the Settlement as provided in the Stipulation. In any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Settling Parties, and each Settling Party shall be restored to his, her or its respective litigation position as it existed prior to the execution of the Stipulation.

17

18. All proceedings in the Actions are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order. The Court retains exclusive jurisdiction over the Actions to consider all further matters arising out of or connected with the Settlement.

Dated: April 5, 2011

*(signature)*
Honorable Thomas P. Griesa
UNITED STATES DISTRICT JUDGE